UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 1 6 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Elena Sturdza, )
)
Plaintiff, )
)
v. )  Civil Action No. 09 0699
)
United Arab Emirates *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

Plaintiff Elena Sturdza has filed an application to proceed *in forma pauperis* and a *pro se* complaint asserting copyright infringement, theft, and other claims. The application will be granted and the *pro se* complaint dismissed as duplicative and redundant.

Plaintiff's complaint identifies twenty defendants, all of whom she has sued previously for claims arising from the same cause of action.[1] Two of the plaintiff's three actions are still pending and every defendant named in the instant complaint is also named in one of the two pending cases. As the instant complaint acknowledges, "the five cases [including the ones on appeal] are closely related. All factual allegations set forth in the related complaints are hereby incorporated by reference into each Count contained in this complaint." Compl. at 5. The complaint further instructs that all the other complaints, addenda to the other complaints, and all the pleadings filed in all the related cases are an integral part of this complaint. *Id.* In other

---

[1] *See Sturdza v. United Arab Emirates et al.*, Civil Action No. 98-2051 (HHK) (D.D.C.) (pending); *Sturdza v. Szymkowicz & Assocs. et al.*, Civil Action No. 01-2274 (JDB) (D.D.C.) (closed); *Sturdza v. United Arab Emirates et al.*, Civil Action No. 08-1642 (HHK) (D.D.C.) (pending).

words, it is conceded that the instant complaint is largely — if not completely — duplicative of complaints in actions that have already been decided or are still pending.

To the extent that plaintiff's complaint presents claims that have already been decided, the claims in the instant complaint are barred by *res judicata*. To the extent that the instant complaint presents new facts that support additional claims against the defendants, those facts and claims may be placed before the court in a motion to amend her existing complaints. However, to allow yet another complaint arising from the same nucleus of facts would defeat the goals of judicial economy and conservation of litigation resources. Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). In consideration of "wise judicial administration," a district court may use its inherent powers to dismiss a suit that is duplicative of another suit in federal court. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (internal quotation marks, alterations, and citations omitted). Accordingly, pursuant to the court's inherent powers to administer its own docket, the instant complaint will be dismissed as duplicative of, and redundant to, pending actions.[2]

A separate order accompanies this memorandum opinion.

Dated: April 8, 2009

United States District Judge

---

[2] Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are also subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See e.g., Risley v. Hawk,* 918 F. Supp. 18, 22 (D.D.C. 1996); *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997); *Cato v. United States,* 70 F.3d 1103, 1105 N.2 (9th Cir. 1995); *Pittman v. Moore,* 980 F.2d 994, 994-95 (5th Cir. 1993).